UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JASON EVERETT ROSS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:20-cv-00876-JPH-MPB |
| ) | |
| ROBERT CARTER, JR., et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER SCREENING COMPLAINT, DIRECTING SERVICE OF PROCESS, AND RESOLVING PENDING MOTIONS**

**I.
Screening Standard**

The plaintiff is a prisoner currently incarcerated at the Louisville Metro Department of Corrections in Louisville, Kentucky. Because the plaintiff is a prisoner, his complaint is subject to the screening requirements of 28 U.S.C. § 1915A(b). This statute directs that the Court shall dismiss a complaint or any claim within a complaint which "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* To satisfy the notice-pleading standard of Rule 8 of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief," which is sufficient to provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008) (same). The Court construes *pro se* pleadings liberally and holds *pro se* pleadings to less stringent standards than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II.
## The Third Amended Complaint

Since filing this action, the plaintiff has amended his complaint three times. Because an amended complaint completely replaces previous complaints, the Court screens the most recently filed third amended complaint. Dkt. 17.

The third amended complaint names five defendants: Robert Carter, Jr., Hamilton County Sheriff's Office, Fishers Police Department, the Attorney General of Indiana, and the Hamilton County Prosecutor's Office. The plaintiff alleges that he was required to register as a sex offender in Indiana for ten years beginning on September 15, 2009. Defendant Carter and the Indiana Department of Correction (IDOC) renewed the plaintiff's status as a lifetime sex offender in 2018. He learned of the change in his status from a Marion County Sheriff Deputy.

The plaintiff contends that the change in his status from a 10-year registrant to a lifetime registrant violated his equal protection and due process rights, his right to interstate travel, and the ex post facto clause of the Constitution. In support of his claims, the plaintiff cites *Hope v. Comm'r of Indiana Dep't of Correction*, 2017 WL 1301569 (S.D. Ind. Apr. 6, 2017). He believes that his ten-year registration requirement should have ended on January 19, 2020, but that it was illegally extended because he travelled outside the state. The Marion County Sheriff's Department advised him that the change in his status was likely an administrative error, but his attempts to correct the error have been unsuccessful.

The plaintiff was arrested in Fishers, Indiana, for failure to register on February 10, 2020. The plaintiff is on probation in Louisville, Kentucky. His arrest in Indiana triggered a probation violation in Kentucky where he is now in custody. His family has emailed deputy attorney general Derek Atwood to try to correct the mistake that has resulted in the plaintiff being classified as a lifetime sex offender, but the emails have been ignored.

The plaintiff seeks an expedited preliminary injunction preventing the defendants from renewing his sex offender registration, declaratory relief, waiver of bond, an order that he be removed from Indiana's sex and violent offender registry, dismissal of his failure to register charge, an apology, and injunctive relief including a procedure to promptly address such errors when they occur in the future.

### III.
### Discussion of Claims

Applying the screening standard to the factual allegations in the complaint certain, claims are dismissed while other claims shall proceed as submitted.

First, municipal police departments in Indiana "are not suable entities" under Section 1983. *See Sow v. Fortville Police Dept.*, 636 F.3d 293, 300 (7th Cir. 2011). Therefore, all claims against Fishers Police Department are **dismissed** as legally insufficient.

Similarly, the Hamilton County Prosecutor's Office, as either a location or a group of individuals, is not a "person" subject to suit under Section 1983. A defendant can only be liable for the actions or omissions in which he personally participated. *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Locke v. Haessig*, 788 F.3d 662, 669 (7th Cir. 2015). Thus, all claims against the Hamilton County Prosecutor's Office are **dismissed** as legally insufficient.

Finally, the Hamilton County Sheriff's Office is **dismissed** as a defendant because the only claims against it relate to the plaintiff's current charge of failure to register as a sex offender. The plaintiff seeks dismissal of the charge and his release from custody. The Supreme Court has held

3

that a habeas corpus petition, rather than a § 1983 action, is the sole avenue for federal relief "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from imprisonment[.]" *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Criminal defendants incarcerated awaiting trial by a state court may seek a writ of habeas corpus from federal courts in limited circumstances. 28 U.S.C. § 2241(c)(3); *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000); *see also Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015) ("The appropriate vehicle for a state pre-trial detainee to challenge his detention is § 2241."). In general, however, federal courts must abstain from interfering in state court criminal proceedings if the state court provides an adequate opportunity to raise the federal claims and "no exceptional circumstances exist that would make abstention inappropriate." *Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007) (citing *Younger v. Harris*, 401 U.S. 37, 43 (1971)). Relief for state pretrial detainees through a federal petition for a writ of habeas corpus is generally limited to speedy trial and double jeopardy claims, and only after the petitioner has exhausted state-court remedies. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489-92 (1973); *Younger*, 401 U.S. at 49; *Stroman Realty, Inc.*, 505 F.3d at 662.

Therefore, the plaintiff's requests for relief related to the dismissal of his current charge or charges, or his immediate release from custody, are **dismissed**.

Finally, because official capacity claims against defendant Carter and the Indiana Attorney General are both claims against the state, it would be duplicative to proceed against both. Therefore, all claims against the Attorney General of Indiana are **dismissed**.

The plaintiff's claims for injunctive relief pursuant to the Ex Post Facto Clause and the Equal Protection and Due Process Clauses of the Fourteenth Amendment **shall proceed** against

4

Robert Carter, Jr., in his official capacity as Commissioner of the Indiana Department of Correction.

This summary of remaining claims includes all the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through July 10, 2020,** in which to identify those claims.

To the extent the plaintiff wishes to seek preliminary injunctive relief, he must file a separate motion. *See* Local Rule 7-1(a) (motions must be filed separately).

## IV.
## Conclusion and Service of Process

The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendant Robert Carter, Jr. in the manner specified by *Fed. R. Civ. P.* 4(d). Because all claims against them have been dismissed, **the clerk is directed** to terminate all other defendants from the docket.

Process to defendant Carter shall consist of the third amended complaint, dkt. [17], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order. The **clerk is directed** to serve defendant Carter electronically because he is an employee of the Indiana Department of Correction.

The plaintiff's motions for status, dkt. [19] & [21], are **granted** to the extent this Order screens his complaint and initiates service against the remaining defendant.

Because the plaintiff's motion to add defendants, dkt. [10], and motion for extension of time and to remove habeas claims, dkt. [16], predate the third amended complaint, these motions are **denied as moot.**

The plaintiff's motion for extension of time seeks a 45-day extension to "reconcile" his probation violation in Kentucky and return to Indiana. This motion, dkt. [23], is **denied as**

5

**unnecessary.** The Court will initiate service on the defendant. Once the defendant has answered the third amended complaint or otherwise responded, the Court will issue a scheduling order to facilitate resolution of this action.

Finally, the plaintiff's motion for forms requests form motions and guidance on how to file a suit for damages. The Court cannot provide legal advice. However, the motion, dkt. [11], is **granted to the extent that the clerk is directed** to include with the plaintiff's copy of this Order a blank pro se motion form, a guide to filing prisoner complaints in federal court, and a prisoner civil rights complaint form.

**SO ORDERED.**

Date: 6/10/2020

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JASON EVERETT ROSS
00605889
LMDC
400 S. Sixth Street
Louisville, KY 40202

Electronic service to Robert Carter, Jr. (At Indiana Department of Correction Central Office)