UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JASON EVERETT ROSS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-00876-JPH-MPB |
| | ) |
| ROBERT CARTER, JR., | ) |
| | ) |
| Defendant. | ) |

**Order Denying Without Prejudice Motion for Preliminary Injunction**

Plaintiff Jason Everett Ross, currently an inmate in Louisville, Kentucky, has filed a motion for preliminary injunction seeking removal from Indiana's sex-offender registry. Dkt. 58. He alleges that the defendant violated his Fourteenth Amendment rights and the Constitution's Ex Post Facto Clause when the Indiana Department of Correction (IDOC) increased his requirement to register as a sex-offender from ten years to a lifetime requirement after he traveled to Kentucky.

**I. Preliminary Injunction Standard**

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). To obtain a preliminary injunction a plaintiff first must show that: "(1) without this relief, [he] will suffer irreparable harm; (2) traditional legal remedies would be inadequate; and (3) [he] has some likelihood of prevailing on the merits of [his] claims." *Speech First, Inc. v. Killen*, 968 F.3d 628, 637 (7th Cir. 2020). If the plaintiff meets these threshold requirements, "the court then must weigh the harm the denial of the preliminary injunction would

cause the plaintiff against the harm to the defendant if the court were to grant it." *Id.* "[A] preliminary injunction is an exercise of a very far-reaching power, never to be indulged in except in a case clearly demanding it." *Orr v. Shicker*, 953 F.3d 490. 501 (7th Cir. 2020) (cleaned up).

## II. Discussion

"A movant's showing of likelihood of success on the merits must be strong." *Tully v. Okeson*, 977 F.3d 608, 613 (7th Cir. 2020) (quotation marks omitted). A "better than negligible" likelihood of success is not enough. *Ill. Republican Party v. Pritzker*, 973 F.3d 760, 762–63 (7th Cir. 2020). "A 'strong' showing ... does not mean proof by a preponderance .... But it normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.*

In 2008, Mr. Ross was convicted in Marion County, Indiana, of sexual misconduct with a minor between the ages of 14 at 16 in violation of Indiana Code § 35-42-4-9. Dkt. 76-1 (abstract of judgment).

The defendant argues that Indiana correctly determined that Mr. Ross must register as a sex offender for life under the Sex Offender Registration and Notification Act (SORNA), a federal law enacted in 2006. Dkt. 77. SORNA established three tiers of sex offenders with escalating reporting requirements. Tier I offenders are required to register for 15 years; tier II offenders are required to register for 25 years; and tier III offenders are required to report for life. 34 U.S.C. § 20915 (formerly 42 USCA § 16915). The statute's definition of tier II includes offenders convicted of crimes comparable to or more severe than § 2244's abusive sexual contact offense. § 20911(3)(A)(iv). To qualify an offender

for tier III, an offense must be comparable to or more severe than § 2244's abusive sexual contact offense and be committed "against a minor who has not attained the age of 13 years." § 20911(4)(A)(ii).

Mr. Ross responds that SORNA does not apply to him because he was not convicted of a federal offense. Dkt. 91. But SORNA applies to persons convicted of sex offenses in state court as well as in federal court. *See United States v. Vasquez*, 611 F.3d 325, 327 (7th Cir. 2010) (citing 42 U.S.C. § 16911(1)). Furthermore, the Seventh Circuit has held that SORNA "is not an *ex post facto* law," *United States v. Leach*, 639 F.3d 769, 772 (7th Cir. 2011), and "does not violate due process of law, even when there is no personal notice of the enactment or its requirements," *Vasquez*, 611 F.3d at 327 (citing *United States v. Dixon*, 551 F.3d 578, 584 (7th Cir. 2008), *rev'd on other grounds sub nom. Carr v. United States*, 560 U.S. 483 (2010)).

Because Mr. Ross's argument relies on a misunderstanding of the scope of SORNA's application, he has not carried his burden to show that he is likely to succeed on the merits of his claim. Thus the Court does not address the remaining requirements for preliminary injunctive relief. The merits of Mr. Ross's claim will be addressed in connection with Defendant's motion for summary judgment, which remains pending. Dkt. 76.

### III. Conclusion

For the foregoing reasons, the motion for preliminary injunction, dkt. [58], is **denied without prejudice**.

**SO ORDERED.**

Date: 3/31/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JASON EVERETT ROSS
605889
LMDC
400 S 6th Street
Louisville, KY 40202

Gustavo Angel Jimenez
INDIANA ATTORNEY GENERAL
gustavo.jimenez@atg.in.gov

4