UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JASON EVERETT ROSS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-00876-JPH-MPB |
| | ) | |
| ROBERT CARTER, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, AND
DIRECTING ENTRY OF FINAL JUDGMENT**

Jason Everett Ross, an inmate in Louisville, Kentucky, brought this action
under 42 U.S.C. § 1983 seeking injunctive relief, including removal of his name
from Indiana's sex-offender registry. He alleges that his rights under the
Fourteenth Amendment and the Ex Post Facto Clause were violated when the
Indiana Department of Correction (IDOC) increased his term of required
registration as a sex-offender from ten years to life. Both parties have moved for
summary judgment. Dkt. [74]; dkt. [76].

The defendant argues that Mr. Ross's lifetime reporting requirement is
mandated by the Sex Offender Registration and Notification Act (SORNA), a
federal law enacted in 2006 before Mr. Ross's state conviction. Dkt. 77. In
response, Mr. Ross argues that he cannot be required to register as a sex offender
under federal law because he was convicted in state court, not federal court. Dkt.
91.

Mr. Ross has not designated evidence showing that Indiana's application of SORNA to him violates the Fourteenth Amendment or the Ex Post Facto Clause, so the defendant's motion for summary judgment, dkt. [76], is **granted** and Mr. Ross's motion for summary judgment, dkt. [74], is **denied**. Mr. Ross's motions for status are **granted** to the extent that this order addresses the pending motions. Dkt. [96]; dkt. [98].

## I. Summary Judgment Standard

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The moving party must inform the court "of the basis for its motion" and specify evidence demonstrating "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets this burden, the nonmoving party must "go beyond the pleadings" and identify "specific facts showing that there is a genuine issue for trial." *Id.* at 324.

In ruling on a motion for summary judgment, the Court views the evidence "in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *See O'Leary v. Accretive Health, Inc.*, 657 F.3d 625, 630 (7th Cir. 2011). The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3),

and the Seventh Circuit Court of Appeals has repeatedly assured the district courts that they are not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Trustees of Ind. Univ.,* 870 F.3d 562, 573-74 (7th Cir. 2017).

A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The parties have filed cross-motions for summary judgment, so the Court takes the motions "one at a time." *American Family Mut. Ins. v. Williams*, 832 F.3d 645, 648 (7th Cir. 2016). For each motion, the Court views and recites the evidence and draws all reasonable inferences "in favor of the non-moving party." *Id.* That's not necessary here, however, because even when all evidence is interpreted in Mr. Ross's favor, the defendant is entitled to summary judgment.

## II. Facts

In 2008, Mr. Ross was convicted of sexual misconduct with a minor in violation of Indiana Code § 35-42-4-9. Dkt. 74 at 1; dkt. 76-1. The statute defined the crime as follows:

> A person at least eighteen (18) years of age who, with a child at least fourteen (14) years of age but less than sixteen (16) years of age, performs or submits to sexual intercourse or deviate sexual conduct commits sexual misconduct with a minor, a Class C felony. However, the offense is: a Class B felony if it is committed by a person at least twenty-one (21) years of age.

I.C. 35-42-4-9(a); dkt. 77 at 6.

3

After release from prison in September 2009, Mr. Ross was required to register as a sex offender in Indiana for ten years pursuant to Indiana's Sex Offender Registration Act (SORA). Dkt. 74 at 1; Ind. Code § 11-8-8-19(a).

Mr. Ross traveled to Kentucky in October of 2016. Dkt. 74 at 1. He was previously listed as a lifetime registrant in Kentucky but is now required to register in Kentucky for only 20 years. *Id.* at 2. Mr. Ross returned to Indiana, *id.*, and near the expiration of his ten-year reporting requirement, the Marion County Sheriff Department notified Mr. Ross that his registration requirement had been changed to a lifetime requirement. Dkt. 76-4. The notification did not refer to SORNA or otherwise explain why Mr. Ross's registration requirement had changed in Indiana. The notification included instructions for how to appeal the change. *Id.* Mr. Ross states in his sworn response that the defendant in this case failed to respond to "any appeals initiated by law enforcement." Dkt. 91 at 2. Mr. Ross was arrested in Fishers, Indiana, on February 10, 2020, for failing to register. Dkt. 17 at 3-4. Ultimately, he was released by the Hamilton County Superior Court after that court determined that his registration requirement in Indiana had expired in 2019. Dkt. 58 at 1. However, his arrest triggered a probation violation in Kentucky where Mr. Ross is now in custody. Dkt. 17 at 5.

The Court takes judicial notice of the state court docket in *Ross v. Carter*, 29D05-2003-CT-002208 (Hamilton Superior Court July 27, 2020), a case initiated by Mr. Ross on March 9, 2020, challenging the defendant's determination that he is subject to lifetime registration in Indiana.[1] The state

---

[1] Online docket available at mycase.in.gov, last visited on May 2, 2022.

court granted the defendant's motion to dismiss on the basis that SORA, the state registration law, did not violate the Indiana Constitution's prohibition against ex post facto laws. *Id.* The state court declined to decide Mr. Ross's federal equal protection claim, which was already pending in this Court. *Id.* Mr. Ross did not appeal the state court's order.

### III. Discussion

Congress enacted SORNA in July 2006 "to protect the public from sex offenders and offenders against children" by establishing "a comprehensive national system for the registration of those offenders." 34 U.S.C. § 20901 (formerly 42 U.S.C. § 16901). SORNA requires a "sex offender [to] register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." 34 U.S.C. § 20913 (formerly 42 U.S.C. § 16913(a)). The statute defines a "sex offender" as "any individual who is convicted of a sex offense under either state or federal law." *United States v. Vasquez*, 611 F.3d 325, 327 (7th Cir. 2010) (citing 42 U.S.C. § 16911(1), now 34 U.S.C. § 20911)).

Thus, Mr. Ross is subject to SORNA even though he was convicted in state court rather than federal court.[2] The fact that he was required to register for only

---

[2] Mr. Ross's complaint relies heavily on *Hope v. Comm'r of Indiana Dep't of Correction*, 2017 WL 1301569 (S.D. Ind. Apr. 6, 2017) which held that SORA—Indiana's sex offender statute—violated the *Ex Post Facto* Clause, the Equal Protection Clause, and the fundamental right to travel as applied to sex offenders who were convicted before SORA was amended in 2006 and who traveled to Indiana from another state thereafter. The decision explicitly stated that it did not impact an offender's federal registration requirements and therefore has no application to Mr. Ross's registration requirement under federal law. *Id.* at *1. Moreover, *Hope* was reversed by the Seventh Circuit Court

ten years under Indiana law does not relieve him of a more onerous federal requirement. *United States v. Meadows*, 772 F. App'x 368, 369 (7th Cir. 2019) ("Indiana's registration requirements, even if less stringent than the federal counterpart, cannot relieve [Mr. Ross] of his federal obligation.").

SORNA established three tiers of sex offenders with escalating reporting requirements. Tier I offenders are required to register for 15 years; tier II offenders are required to register for 25 years; and tier III offenders are required to report for life. 34 U.S.C. § 20915 (formerly 42 USCA § 16915). The statute's definition of tier II includes offenders convicted of crimes comparable to or more severe than § 2244's abusive sexual contact offense. § 20911(3)(A)(iv). To qualify an offender for tier III, an offense must be comparable to or more severe than § 2244's abusive sexual contact offense *and* be committed "against a minor who has not attained the age of 13 years." § 20911(4)(A)(ii).

Mr. Ross is therefore obligated by SORNA to register for at least 15 years.[3]

The Court notes that the defendant's response to Mr. Ross's motion for preliminary injunction stated that Mr. Ross's Indiana registration requirement

of Appeals on August 16, 2021. *Hope v. Comm'r of Indiana Dep't of Correction*, 9 F.4th 513 (7th Cir. 2021).

[3] The defendant argues that the federal statute mandates that Mr. Ross register for life as a tier III offender (even though he was not notified that SORNA was the basis) because his state offense is comparable to or more severe than the federal crime of abusive sexual contact as described in 18 U.S.C. § 2244. Dkt. 77 at 5-6. The Court notes that the defendant's briefing omitted the key age requirement that elevates a crime from tier II to tier III. *See* dkt. 77 at 5. Mr. Ross was convicted of sexual misconduct with a minor between the ages of 14 at 16, Indiana Code § 35-42-4-9, so it appears more likely that he would be a tier II offender required to register for 25 years than a tier III offender with a lifetime requirement.

had been increased to a lifetime requirement because he was a lifetime registrant in Kentucky. Dkt. 61 at 2. Mr. Ross is no longer classified as a lifetime registrant in Kentucky, and Mr. Ross takes issue with the defendant's shifting justification for his lifetime registration requirement in Indiana. Dkt. 91 at 1, 4, 8. But the defendant's failure to correctly notify Mr. Ross of the basis for his ongoing registration requirement does not change Mr. Ross's federal reporting obligations under SORNA based on his Indiana conviction. *Vasquez*, 611 F.3d at 328 ("SORNA merely requires that a defendant have knowledge that he was required by law to register as a sex offender. The government need not prove that, in addition to being required to register under state law, a defendant must also know that registration is mandated by a federal statute.").

### A. *Ex Post Facto* Claim

The *Ex Post Facto* Clause prohibits retroactive punishment. U.S. CONST. art. I, § 9, cl. 3. The Seventh Circuit has held that SORNA "is not an *ex post facto* law." *United States v. Leach*, 639 F.3d 769, 772 (7th Cir. 2011). This is because "the obligation to register is a civil burden, not additional punishment for the underlying sex offense," and because "a violation of the registration obligation is a new criminal offense, [] not a retroactive one." *Meadows*, 772 F. App'x at 369 (citing *Leach*, 639 F.3d at 773).

### B. Due Process Claim

The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. The Due Process Clause of the Fifth Amendment similarly

constrains the United States. U.S. Const. amend. V. The Court screened Mr. Ross's due process claim under the Fourteenth Amendment because he challenged Indiana's extension of his sex offender registration requirement. Dkt. 25 at 4. But to the extent his challenge is to the validity of SORNA, rather than Indiana's application of it, that challenge would proceed under the Fifth Amendment.

Under either formulation of the claim, Mr. Ross's due process challenge fails. Courts have held that SORNA's reporting requirements do not violate due process. *Vasquez*, 611 F.3d at 327 ("SORNA does not violate due process of law, even when there is no personal notice of the enactment or its requirements.") (citing *United States v. Dixon*, 551 F.3d 578, 584 (7th Cir. 2008), *rev'd on other grounds sub nom. Carr v. United States*, 560 U.S. 483 (2010)); *United States v. Ambert*, 561 F.3d 1202, 1208 (11th Cir. 2009) (rejecting SORNA due process claim because offender received due process protections in his underlying criminal proceedings).

Mr. Ross challenged his placement on Indiana's sex-offender registry in state court in 2020, but that challenge was not based on SORNA and he did not appeal. There is no evidence that Mr. Ross challenged his tier designation, or that Indiana has denied him due process.

## C. Equal Protection Claim

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated

should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting U.S. Const. amend. XIV, § 1). "The Equal Protection Clause generally protects people who are treated differently because of membership in a suspect class or who have been denied a fundamental right." *Cochran v. Ill. State Toll Highway Auth.*, 828 F.3d 597, 601 (7th Cir. 2016).

Mr. Ross's equal protection claim is predicated on his belief that Indiana increased his registration requirement because he traveled to Kentucky. But SORNA requires Mr. Ross to register under federal law regardless of his state of residence or any travel. Furthermore, sex offenders are not a suspect class and SORNA's registration requirement does not deny Mr. Ross a fundamental right. *United States v. Lafferty*, 608 F. Supp. 2d 1131, 1144 (D.S.D. 2009) ("Sex offenders are not a suspect or quasi-suspect class. . . . Nor can it be said that SORNA's registration requirement implicate[s] a fundamental constitutional right."). Thus, SORNA's registration requirement need only be rationally related to a legitimate government interest. *Cochran*, 828 F.3d at 601. As stated above, SORNA was enacted to protect the public from sex offenders and offenders against children. And requiring sex offenders to register in the jurisdiction where they live is rationally related to that legitimate goal. *See*, *e.g.*, *United States v. Young*, 585 F.3d 199, 203, n.18 (5th Cir. 2009) (claim that SORNA denied sex offender equal protection of the law was meritless).

### D. Right to Travel Claim

To the extent that Mr. Ross's complaint raised a right to travel claim, it also fails. The fundamental right to travel "protects the right of a citizen of one

State to enter and to leave another State, the right to be treated as a welcome visitor rather than an unfriendly alien when temporarily present in the second State, and, for those travelers who elect to become permanent residents, the right to be treated like other citizens of that State." *Saenz v. Roe*, 526 U.S. 489, 500 (1999).

Courts that have considered right-to-travel challenges to SORNA have held that the registration requirement does not violate the right to travel because it does not preclude sex offenders from leaving or entering a state or being treated like either a welcomed guest or like other citizens of that state. *United States v. Lesure*, No. CRIM. 11-30227-GPM, 2012 WL 2979033, at *4 (S.D. Ill. July 19, 2012); *United States v. Byrd*, 419 F. App'x. 485, 491–92 (5th Cir. 2011) ("SORNA's registration requirements do not implicate the fundamental right to travel [by] convicted sex offenders because nothing in the statute precludes an offender from entering or leaving another state, being treated as a welcome visitor … in the second State, or being treated like other citizens of that State if the offender chooses to permanently relocate.") (internal quotations omitted). And to the extent the registration requirement burdens travel, "the government's interest in protecting others from future sexual offenses and preventing sex offenders from subverting the purpose of the statute is sufficiently weighty to overcome the burden. This statute does not violate [Mr. Ross's] right to travel." *Ambert*, 561 F.3d at 1210.

Regardless of the length of Mr. Ross's reporting requirement under SORNA, he must register for at least fifteen years. He therefore has not shown

that application of SORNA to his sex offender registration requirement in Indiana violates his constitutional rights or that he should be removed from Indiana's sex-offender registry at this time. Therefore, the defendant is entitled to summary judgment and Mr. Ross is not.

### IV. Conclusion

The defendant's motion for summary judgment, dkt. [76], is **granted** and Mr. Ross's motion for summary judgment, dkt. [74], is **denied**. Mr. Ross's motions for status are **granted** to the extent that this order addresses the pending motions. Dkt. [96]; dkt. [98]. Final judgment in accordance with this Order and the Court's Screening Order, dkt. [25], shall issue at this time.

**SO ORDERED.**

Date: 5/9/2022

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JASON EVERETT ROSS
605889
Louisville Metro Detention Center
400 S. 6th Street
Louisville, KY 40202

Gustavo Angel Jimenez
INDIANA ATTORNEY GENERAL
gustavo.jimenez@atg.in.gov